**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MICHAEL MOMENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ENTERPRISE CAR RENTAL ) <br> CORPORATION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 23-cv-03505-LKG <br><br> Dated:  September 30, 2024 |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

In this civil action, Plaintiff *pro se*, Michael Moment, asserts various tort, constitutional law and statutory claims arising from his arrest for disorderly conduct on February 14, 2023, against the Defendants, Enterprise Car Rental Corporation, Linda Molatoi, MacKenzie King, Kaliegh Hohmann, Lauryn Kinard and Jacob Ocasio (collectively, the "Enterprise Defendants"); the City/Town of Takoma Park Police, the City/Town of Takoma Park, Hogan Samels and Pandelis Hinaris (collectively, the Takoma Park Defendants"); and Commissioner Emely Santos Herrera, Judge Michael O. Glynn, III, Judge Aileen Oliver and Assistant State's Attorney for Montgomery County Haley Bowins (collectively, the "State Defendants").  ECF No. 1.  The Takoma Park Defendants have filed a motion to dismiss, or alternatively, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(6) and 56.  ECF No. 8.  The State Defendants have also filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  ECF No. 14.  In addition, the Enterprise Defendants have filed a motion to quash service of process.  ECF No. 12.  Lastly, the Plaintiff has moved to strike the Defendants' respective motions.  ECF No. 19.

These motions are fully briefed.  ECF Nos. 8, 12, 14, 19, 20, 21, 22.  For the reasons that follow, the Court: (1) **GRANTS** the Takoma Park Defendants' motion to dismiss, or alternatively, for summary judgment (ECF No. 8); (2) **GRANTS** the State Defendants' motion to dismiss (ECF No. 14); (3) **GRANTS** the Enterprise Defendants' motion to quash service of

1

process (ECF No. 12); (4) **DENIES** Plaintiff's motion to strike (ECF No. 19); and (5) **DISMISSES** the complaint.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.     Factual Background

In this civil action, Plaintiff *pro se*, Michael Moment, asserts various tort, constitutional law and statutory claims against the Defendants, arising from his arrest for disorderly conduct on February 14, 2023.  ECF No. 1.  Plaintiff is proceeding in this matter *pro se* and his complaint is somewhat difficult to follow.  But, Plaintiff appears to assert, among other things, constitutional law clams, based upon the Fourth, Sixth, Eighth and Fourteenth Amendments, criminal law claims, a Section 1983 claim and tort claims in the complaint.  *Id*. at 19-21.  As relief, Plaintiff seeks to recover monetary damages from the Defendants.  *Id*. at 22-23.

The facts regarding the incident that gives rise to Plaintiff's claims are largely undisputed.  On February 14, 2023, Defendant Takoma Park Police Department Officers Hogan Samels and Pandelis Hinaris (the "Defendant Officers") responded to 6494 New Hampshire Avenue, Takoma Park, Maryland, to investigate a report of a male harassing and threatening employees of an Enterprise car rental facility.  ECF No. 8-2 at 4-5.  Shortly after the Defendant Officers arrived, Plaintiff returned to that location and began to video record the Defendant Officers and the Enterprise employees working at the location.  *Id*. at 5.  The Defendant Officers identified Plaintiff as the suspect who had been reported to have harassed and threatened the employees of the Enterprise car rental facility.  *Id*.

During interviews of the Enterprise employees conducted by the Defendant Officers, the Enterprise employees reported that the Plaintiff had been walking around the property, while video recording, harassing and threatening them with physical violence, for several days.  *Id*.; *see also* ECF No. 1 at 19-20.  In this regard, the Defendant Officers' Incident Report for this incident recounts that the Plaintiff constantly yelled at the Enterprise employees that he was going to sue them, and that Plaintiff recorded the employees' personal license plates and posted the license plates on the internet, in an effort to intimidate the employees.  ECF No. 8-2 at 5.  A complaining

---

[1] The facts recited in this memorandum opinion are derived from the complaint; the Takoma Park Defendants' motion to dismiss, the memorandum in support thereof and the Defendant Officers' Incident Report attached thereto.  ECF Nos 1, 8, 8-1, 8-2.

witness, Defendant Linda Molatoi, also provided the following written account of the Enterprise employees' interaction with Plaintiff:

> [The Plaintiff] has been constantly coming into our branch in Takoma Park and has been taking videos and photos of I and my staff.  He's been calling me a "fat bitch" while I have been helping my customers, and following me around the branch and taking videos and shouting out names.  [Three days prior,] he threatened a member of my staff that he will wait for him at 5:00 pm to hurt him.  He has been coming back to the branch every single day to take videos of us and my staff, recording the license plates of the cars that my staff ha[ve] been driving and been putting it on the internet.  Right now my staff and I do not feel safe coming into the branch because he is constantly making threats.

*Id*.  And so, the Enterprise employees told the Defendant Officers that they felt unsafe at work, due to the alleged harassment.  *Id*.

When the Defendant Officers arrived at the location of the Enterprise Car rental facility, they witnessed Plaintiff's harassing conduct firsthand.  *Id*.  As Defendant Officer Samels was escorting one of the Enterprise employees to the District Court for Montgomery County, Maryland to file for a peace order regarding the Plaintiff, Plaintiff loudly called them "bitches."  *Id*.; *see also* ECF No. 1 at 20.  The Plaintiff also said, "I'll be back tomorrow and every day."  ECF No. 8-2 at 5-6.  And so, based upon the statements of the Enterprise employees regarding the Plaintiff's harassing conduct, and the Defendant Officers' own observations of the Plaintiff, the Defendant Officers arrested Plaintiff for disorderly conduct.  *Id*. at 6.  The Plaintiff was carrying an ASP baton and pepper spray when he was arrested.  ECF No. 8-1 at 3, 9.

On May 22, 2023, Plaintiff stood trial in the District Court for Montgomery County, Maryland on the charge of disorderly conduct.  ECF No. 1 at 21.  The Court found the Plaintiff guilty of disorderly conduct and sentenced him to a 60-day term of imprisonment, with the entirety of the sentence suspended.  *Id*.  The Court also sentenced Plaintiff to a two-year term of probation.  *Id.*

Plaintiff appealed his conviction.  *Id*.  Before the Plaintiff's appeal could be heard, however, the State entered *nolle prosequi* on the charge against the Plaintiff.  *Id*.; *see also* ECF No. 8-1 at 3.

Plaintiff alleges in this case that his arrest and subsequent prosecution violated his rights under the constitution and various state and federal laws.  *See generally* ECF No. 1.  And so, Plaintiff seeks to recover monetary damages from the Defendants.  *Id*. at 19-20.

**B.     Procedural History**

Plaintiff commenced this matter on December 27, 2023.  ECF No. 1.

On February 26, 2024, the Takoma Park Defendants filed a motion to dismiss, or, in the alternative, for summary judgment, pursuant to Fed. R Civ P 12(b)(6) and 56.  ECF No. 8.  On February 29, 2024, the Enterprise Defendants filed a motion to quash service.  ECF No. 12.  On March 8, 2024, the State Defendants filed a motion to dismiss, pursuant to Fed. R. Civ P 12(b)(1) and (6).  ECF No. 14.

On March 27, 2024, Plaintiff filed a motion to strike, which the Court construes to also be a response in opposition to the Defendants' respective motions.  ECF No. 19.

On April 2, 2024, the Enterprise Defendants filed a reply brief.  ECF No. 20.  On April 3, 2024, the Takoma Park Defendants filed a reply brief.  ECF No. 21.  Lastly, the State Defendants filed a reply brief on April 9, 2024.  ECF No. 22.

The parties' motions having been fully briefed, the Court resolves the pending motions.

**III.    LEGAL STANDARDS**

**A. *Pro Se* Litigants**

The Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted).  And so, if Plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B. Jurisdiction And Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a [C]ourt on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

### C. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a

cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### D. Rule 56

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979). When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992). But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim. *See Celotex Corp.*, 477 U.S. at 322-23. Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id*. at 323. And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

### E. Rule 4 And Service Of Process

Rule 4(h) of the Federal Rules of Civil Procedure governs the service of a corporation within the United States. *See* Fed R. Civ. P. 4(h). This rule allows for a corporation to receive service of process by any means allowed by the State where the district court is located, or the State where service is to be effected. *See* Fed R. Civ. P. 4(h)(1)(A).

Relevant here, under both Maryland and Missouri law, service on corporations may be accomplished by mail.[2] *See* Md. Rule 2-121(a), 2-124(d), 2–124(o); Mo. R. Civ. P. 54.16. In this regard, Maryland law provides that a corporation's "resident agent, president, secretary, or treasurer" is authorized to accept service. Md. Rule 2-124(d). If a corporate defendant "has no resident agent, or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id*. And so, service by mail is effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail," and requesting "Restricted Delivery," *i.e.*, "show[ing] to whom, date, [and] address of delivery." Md. Rule 2-121(a)(3). Missouri law similarly provides that service by mail is permitted, if the summons and petition are "made by mailing a copy of the summons and petition by first class mail . . . to the person to be served, together with two copies of a notice and acknowledgement . . .and a return envelope." Mo. R. Civ. P. 54.16.

Rule 4(e) of the Federal Rules of Civil Procedure governs the service of an individual within the United States. *See* Fed R. Civ. P. 4(e). Like Rule 4(h), this rule permits an individual to receive service of process by any means allowed by the State where the district court is

---

[2] Because this Court is located in the State of Maryland and Plaintiff attempted to serve the Enterprise Defendants in the State of Missouri, Maryland and Missouri law apply in this case with regards to the issue of proper service. In this regard, the Fourth Circuit has held that, "[g]enerally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). But, the Fourth Circuit has also made clear that the "plain requirements for the means of effecting service of process . . . may not be ignored." *Armco*, 733 F.2d at 1089.

7

located or the State where service is to be effected.  *Id*.  Rule 4(e) also provides for service of process by: "(A) delivering a copy of the summons and of the complaint to the individually personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with some of suitable age and discretion who resides there; or (C) delivering a copy of each to any agent authorized by appointment or by law to receive service of process."  *Id*.  Relevant here, Maryland law permits service on individuals in person, by leaving a copy of the summons, complaint, and all other papers filed with it at the individuals dwelling house or usual place of abode with a resident of suitable age and discretion, or by mail.  Md. Rule 2-121(a)(1-3).  Service on an individual by mail is also effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail," and requesting "Restricted Delivery," *i.e.*, "show[ing] to whom, date, [and] address of delivery."  *Id*.  Missouri law similarly permits service on individuals by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.  Mo. R. Civ. P. 54.13(b).

### F.  Section 1983 And *Monell* Claims

Title 42, United States Code, Section 1983 provides a mechanism for individuals who have had their constitutional rights violated to seek a remedy against individual state actors.  *See* 42 U.S.C. § 1983 (providing that if any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a United States citizen of any constitutional right, that person may be liable in a suit for money damages).  Section 1983 also permits a plaintiff to bring a claim directly against a municipality if the municipality causes a deprivation of a constitutional right through an official policy or custom.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

### G. The Eleventh Amendment

Lastly, the Eleventh Amendment of the United States Constitution bars a suit in federal court against a state, one of its agencies or departments or one of its officials acting in an official capacity, without a valid abrogation or waiver of the state's sovereign immunity.  *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993); *Will v. Mich. Dep't of*

8

*State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch & Hosp. v. Haldeman*, 465 U.S. 89, 100 (1984); *Bd. of Trs. of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363 (2001); U.S. Const. amend. XI; Md. Code Ann., Const., Art IV, § 1.  Given this, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Garrett*, 531 U.S. at 363.  In this regard, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued."[3] *Pennhurst*, 465 U.S. at 99 (emphasis in original).  And so, while the State of Maryland has waived its sovereign immunity for certain tort actions brought in state court under the Maryland Torts Claims Act, Md. Code Ann., State Gov't § 12-101 *et seq.*, Maryland has not waived its immunity under the Eleventh Amendment for such suits brought in federal court.  *See e.g. Dixon v. Baltimore City Police Dep't*, 345 F. Supp. 2d. 512, 513 (D. Md. 2003).

### IV.   ANALYSIS

The State Defendants have moved to dismiss the Plaintiff's claims against them in this civil action, pursuant to Fed. R. Civ. P. 12(b(1) and (6), upon the grounds that: (1) these claims are barred by the Eleventh Amendment and the doctrines of judicial and prosecutorial immunity and (2) the Plaintiff fails to state a claim upon which relief can be granted.  *See generally* ECF No. 14-1.

The Takoma Park Defendants have also moved to dismiss the Plaintiff's claims against them, or alternatively, for summary judgment in their favor, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, upon the grounds that: (1) the Court lacks personal jurisdiction over the Takoma Park Police Department; (2) Plaintiff has no private right of action to bring his criminal law claims; (3) Plaintiff's Section 897-Article 97 claim may only be brought against members of the United States military; and (4) the undisputed material facts in this case show that the Defendant Officers had probable cause to arrest Plaintiff.  *See generally* ECF No. 8-1.

In addition, the Enterprise Defendants have filed a motion to quash service of process, upon the grounds that the Plaintiff has failed to effectuate proper service on them under either

---

[3] The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).

Maryland or Missouri law. *See generally* ECF No. 12. And so, the Defendants request that the Court dismiss this matter. ECF No. 8 at 1; ECF No. 12 at 2; ECF No. 14 at 2.

Plaintiff does not substantively respond to the arguments raised in the Defendants' respective motions. *See* ECF No. 19. But, he has moved to strike these motions. *Id*.

For the reasons that follow, the Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment and the doctrine of judicial and/or prosecutorial immunity. Plaintiff's claims against the Takoma Park Defendants must also fail, because: (1) the Court lacks personal jurisdiction over the Takoma Park Police Department; (2) Plaintiff has no private right of action to bring his criminal law claims; (3) Plaintiff's Section 897-Article 97 claim may only be brought against members of the United States military; and (4) the undisputed material facts in this case show that the Defendant Officers had probable cause to arrest the Plaintiff.

In addition, the unrebutted evidence before the Court makes clear that the Plaintiff has not properly served the Enterprise Defendants with the complaint and summons under either Maryland or Missouri law. And so, the Court: (1) GRANTS the Takoma Park Defendants' motion to dismiss, or alternatively, for summary judgment (ECF No. 8); (2) GRANTS the State Defendants' motion to dismiss (ECF No. 14); (3) GRANTS the Enterprise Defendants' motion to quash service of process (ECF No. 12); (4) DENIES Plaintiff's motion to strike (ECF No. 19); and (5) DISMISSES the complaint.

**A. The Eleventh Amendment Bars Plaintiff's Claims Against The State Defendants**

As an initial matter, the State Defendants argue with persuasion that Plaintiff's claims against them are barred by the Eleventh Amendment. It is well-established that the Eleventh Amendment bars a suit in federal court against a state, its agencies or its officials when acting in their official capacity, without a valid abrogation or waiver of the state's sovereign immunity. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993). The Supreme Court has recognized that "[a] State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued." *Pennhurst State Sch & Hosp. v. Haldeman*, 465 U.S. 89, 99 (1984).

In this case, Plaintiff asserts various constitutional law and tort claims against Montgomery County Commissioner Emely Santos Herrera, Maryland District Judge Michael O. Glynn, III, Maryland District Court Judge Aileen Oliver and Assistant State's Attorney for

10

Montgomery County Haley Bowins, arising from official acts that they undertook in connection with the prosecution of the criminal case brought against Plaintiff in the District Court for Montgomery County, Maryland. ECF No. 1 at 20-21. Given this, the Court agrees with the State Defendants that the State of Maryland is the real party of interest with regards to these claims. *See Edelman v. Jordan*, 415 U.S 651, 662-665 (1974).

As the State Defendants also correctly observe, the State of Maryland has not waived its sovereign immunity under the Eleventh Amendment for the tort claims that Plaintiff asserts in this case. *Dixon v. Baltimore City Police Dep't*, 345 F.Supp. 2d 512, 513 (D. Md. 2003) (holding that a state is immune from suit in federal court if it first consents to it, the State of Maryland has not waived its Eleventh Amendment immunity to suit in federal court). Plaintiff's constitutional law claims against the State Defendants are also precluded by the doctrines of judicial and/or prosecutorial immunity, because the complaint makes clear that these claims arise from the official acts of the State Defendants during the prosecution of the Plaintiff's criminal case. *Parker v. State*, 337 Md. 271, 279-80, 284 (1995) (describing the long history of "judicial immunity for judicial acts" in the United States); *Rogers v. Maryland*, 2019 WL 2921785, at *2 (D. Md July 8, 2019) (quoting *Grant v. Maryland*, 2018 WL 1069363, at *2 (D. Md. Feb. 26, 2018) (noting that judicial commissioners are entitled to quasi-judicial immunity, when their tasks are "so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"); *Gill v Ripley*, 352 Md 754 (1999) (holding that prosecutors in Maryland enjoy absolute immunity with respect to claims arising out of their official acts). And so, the Court GRANTS the State Defendants' motion to dismiss and DISMISES these claims.

### B. The Court Must Also Dismiss Plaintiff's Claims Against The Takoma Park Defendants

The Takoma Park Defendants also argue with persuasion that the Court should dismiss the claims asserted against them in this matter for several reasons.

First, the evidence before the Court makes clear that the Court lacks personal jurisdiction over the Takoma Park Police Department, because it is not an independent legal entity in the State of Maryland. In the complaint, Plaintiff names the "City/Town of Takoma Park Police" as a defendant in this civil action. ECF No. 1 at 9. But, Maryland courts have long held that, "[a]bsent a statutory or constitutional provision creating a government agency, an "office" or

11

"department" does not exist as an independent legal entity subject to suit under Maryland law. *Boyer v. State*, 323 Md. 558, 572 n.9 (1991); *see also Costley v. City of Westminster*, 2017 WL 35437, at *1 n.1 (D. Md. Jan. 4, 2017), *aff'd sub nom. Costley v. Steiner*, 689 F. App'x. 753 (4th Cir. 2017) (local police departments are not legal entities amendable to civil suit). In this case, the Takoma Park Defendants represent to the Court that the Takoma Park Police Department is not an independent legal entity, because that department was not created by either the Maryland Constitution or statute. ECF No. 8-1 at 5. Given this, the Takoma Park Police Department is not subject to suit under Maryland law. And so, the Court must also DISMISS Plaintiff's claims against this defendant.

Plaintiff's criminal law claims against the Takoma Park Defendants are also problematic. In the complaint, Plaintiff asserts claims against these defendants based upon various criminal statutes, including 18 U.S.C. §§ 241, 242, 245, 1201. ECF No. 1 at 5. But, these criminal statutes do not provide a private right of action for Plaintiff to bring such claims. *See, e.g.*, *Walthour v. Herron*, 2010 U.S. Dist. LEXIS 44221, at *5-6 (E.D. Pa. May 6, 2010) (noting that Sections 241, 242 and 245 do not provide a private right of action); *Monbo v. Upper Chesapeake Med. Ctr., Inc.*, 2021 U.S. Dist. LEXIS 159558, at *5 (D. Md., Aug. 23, 2021) ("The alleged violations of §§ 241 and 242 fail because there is no private right of action to enforce the federal criminal laws."); *Sirleaf v. Clarke*, 2020 U.S. Dist. LEXIS 45978, at *36 n.17 (E.D. Va. March 16, 2020 ("18 U.S.C. § 247 is a federal criminal statute that does not provide a private cause of action."); *Chin v. Wilhelm*, 291 F. Supp.2d 400, 404 n.4 (D. Md. 2003) ("18 U.S.C. § 245 is a criminal statute that does not provide a private civil cause of action."); *Hernandez v. Graham*, 2018 WL 6737400, at *2 (E.D.N.C. Nov. 15, 2018) ("[Only the United States can enforce its criminal laws, and [18 U.S.C. § 1201] affords no private cause of action.").

Plaintiff's Section 897 claim similarly fails, because he may only bring that claim against a member of the armed forces. *See Hutchins v. Frontier Airlines, Inc.*, 2023 U.S. Dist. LEXIS 67650, at *10-11 (S.D. Fla. Apr. 18, 2023) (citing 10 U.S.C. § 802) ("The following persons are subject to this chapter . . . Members of a regular component of the armed forces . . . .); 10 U.S.C. § 897 (stating that a violator of the statute "shall be punished as a court-martial may direct"). And so, the Court must also DISMISS these claims.

Turning to the merits of Plaintiff's remaining claims against the Takoma Park Defendants for false arrest and excessive use of force, the undisputed material facts in this case also show

12

that the Plaintiff cannot prevail on these claims, because the Defendant Officers had probable cause to arrest him on February 14, 2023, and the Defendant Officers used reasonable force to effectuate Plaintiff's arrest.

In this regard, the Court first observes that Plaintiff appears to allege several constitutional violations in connection with his arrest on February 14, 2023, including violations of the Fourth and Fourteenth Amendments. ECF No. 1 at 20-21. To establish a claim for unreasonable seizure under the Fourth Amendment, the Plaintiff must show that police officers arrested him without probable cause. *Dunaway v. New York*, 442 U.S. 200, 207 (1979); *see also Ghazzaoui v. Anne Arundel Cnty*, 659 F. App'x 731, 733 (4th Cir. 2016) ("[F]or a plaintiff to succeed on a false arrest, false imprisonment, or malicious prosecution claim, he must establish the absence of probable cause for his detention or prosecution."). Probable cause is determined from the totality of the circumstances known to the arresting officer at the time of the plaintiff's arrest. *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988). "For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer than offense has been or is being committed; evidence sufficient to convict is not required." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). A Section 1983 false arrest claim likewise "requires a plaintiff to establish 'that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause . . . ." *Ghazzaoui*, 659 F. App'x at 733 (quoting *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012); *see also Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017) (holding that a Fourth Amendment claim for false arrest or malicious prosecution requires proof that the defendant seized the plaintiff pursuant probable cause ).

Given this, a showing of probable cause by the Takoma Park Defendants would defeat Plaintiff's false arrest claim in this case. And so, if an arrested individual is later convicted for the offense, that conviction "determines conclusively the existence of probable cause" at the time of the arrest, "regardless of whether the judgment is later reversed." *Asuncion v. City of Gaithersburg*, 1996 U.S. App. LEXIS 48, at *2 (4th Cir. Jan. 3, 1996); *see also Zablonsky v. Perkins*, 230 Md. 365, 368-69 (1963) (concluding that a conviction, even if later reversed, establishes probable cause, unless the conviction was obtained by fraud, perjury, or other corrupt means).

In this case, the undisputed material facts show that Plaintiff was convicted of disorderly conduct in the District Court for Montgomery County, Maryland, following his arrest on

February 20, 2023. ECF No. 1 at 21. The Plaintiff stood trial in the District Court for Montgomery County, Maryland for this offense on May 22, 2023, and the district court found him guilty of disorderly conduct and sentenced him to a 60-day term of imprisonment and a two-year term of probation. *Id.* While it is undisputed that the State ultimately entered *nolle prosequi* on all charges in Plaintiff's case, there is no evidence before the Court to indicate that the Plaintiff's conviction was obtained by fraud, perjury, or other corrupt means. *Id.*; ECF No. 8-1 at 3. Given this, Plaintiff's conviction for disorderly conduct establishes that the Defendant Officers had probable cause to arrest the Plaintiff and precludes the Plaintiff from prevailing on his constitutional claims. *Asuncion*, 1996 U.S. App. LEXIS 48, at *2.

Perhaps more significantly, the undisputed material facts in this case show that Plaintiff's arrest on February 23, 2023, was supported by probable cause. It is undisputed that Defendant Officers Hogan Samels and Pandelis Hinaris encountered Plaintiff when they responded to 6494 New Hampshire Avenue, Takoma Park, Maryland, to investigate a report of a male harassing and threatening employees of an Enterprise car rental facility. ECF No. 8-2 at 4-5. When the Defendant Officers arrived on the scene, various Enterprise employees told them that the Plaintiff had been walking around the property for "for several days," recording, harassing and threatening the employees with physical violence. *Id.* The Defendant Officers also learned that the Plaintiff had repeatedly called one employee "a fat bitch" and other names. *Id.* at 5.

In addition, the Defendant Officers learned that the Plaintiff: (1) had told another employee that he would "fuck [the employee] up;" (2) yelled at various employees that he would sue them; and (3) recorded employees' license plates and posted them on the internet as an act of intimidation. *Id.* at 5-6. It is also undisputed that, shortly after the Defendant Officers arrived at the scene, Plaintiff returned to this location and began to video record the Defendant Officers and the Enterprise employees. *Id.* at 5.

The unrebutted evidence in this case also shows that the Defendant Officers also witnessed Plaintiff's harassing conduct firsthand. *Id.* at 5-6. Notably, the Incident Report states that, when Defendant Officer Samels was escorting one of the Enterprise employees to the District Court for Montgomery County, Maryland to file for a peace order, the Plaintiff loudly called them "bitches." *Id.*; *see also* ECF No. 1 at 20. The Plaintiff also said, "I'll be back tomorrow and every day." ECF No. 8-2 at 5-6. And so, based upon the statements of the Enterprise employees regarding the Plaintiff's harassing conduct, and the Defendant Officers'

14

own observations of the Plaintiff, the Defendant Officers had probable cause to arrest the Plaintiff for disorderly conduct.

The undisputed material facts also show that the use of force employed by the Defendant Officers to arrest the Plaintiff was reasonable under the circumstances presented. Courts use a reasonableness analysis to determine whether the force used in effectuating an arrest was appropriate under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 396 (1989). In this regard, the Supreme Court has held that whether the force used was reasonable is based on what the officer knew at the time of the incident. *Id*. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. And so, the Court analyzes several factors to determine the reasonableness of the use of force including the severity of the crime, whether the suspect is a threat to the safety of the officers or others and whether the suspect is actively resisting or attempting to evade arrest. *Id.*

In this case, it is undisputed that the Defendant Officers handcuffed Plaintiff when they arrested him for disorderly conduct. ECF No. 19; ECF No. 8-1 at 9. It is also undisputed that Plaintiff he was carrying an ASP baton and pepper spray when the Defendant Officers effectuated his arrest. ECF No. 8-1 at 3, 9.

The evidence before the Court also shows that the Defendant Officers used only the force necessary to detain Plaintiff—by placing their hands behind Plaintiff's back and placing Plaintiff in handcuffs—to arrest Plaintiff. *Id*. at 9**.** Given this evidence, the undisputed material facts show that the Defendant Officers employed reasonable force to arrest the Plaintiff. And so, the Plaintiff cannot prevail on his excessive use of force claim. The Court thus also GRANTS the Takoma Park Defendants' motion for summary judgment on this claim.[4]

### D.     The Plaintiff Has Not Properly Served The Enterprise Defendants

As a final matter, the evidence before the Court also shows that Plaintiff has not properly served the Enterprise Defendants in this case under either Maryland or Missouri law. First, Plaintiff has not properly served the resident agent for Enterprise Car Rental Corporation.

---

[4] For similar reasons, Plaintiff also cannot prevail on his *Monell* claim. *Mills v. Anne Arundel Cnty*, 2016 U.S. Dist. LEXIS 70561, at *12-13 (D. Md. 2016) (A municipality or local government may be held liable under Section 1983 "only where the employees' unconstitutional actions are taken in furtherance of a municipal policy or custom.") (citing *Walker v. Prince George's Cnty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009).

Maryland law provides that a corporation's "resident agent, president, secretary, or treasurer" is authorized to accept service.  Md. Rule 2-124(d).  If a corporate defendant "has no resident agent, or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id*.  And so, service of a corporation by mail under Maryland law is effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail," and requesting "Restricted Delivery," *i.e.*, "show[ing] to whom, date, [and] address of delivery."  Md. Rule 2-121(a)(3).  Missouri law similarly provides that service on a corporation by mail is permitted, if the summons and petition are "made by mailing a copy of the summons and petition by first class mail . . . to the person to be served, together with two copies of a notice and acknowledgement . . .and a return envelope."  Mo. R. Civ. P. 54.16.

In this case, it is undisputed that Plaintiff sent the complaint and summons to the Enterprise Defendants on or about January 30, 2024 *via* certified mail, addressed to "Enterprise Rental Car" and mailed to 600 Corporate Park Drive, St. Louis, MO 63105.  *See* ECF No. 5.  It is also undisputed that Plaintiff's mailing was not designated as "Restricted Delivery."  *Id*.  Given this, Plaintiff has not served a resident agent, or a person authorized to accept service on behalf of the Enterprise Car Rental Corporation, which is a plain requirement for proper service under Maryland and Missouri law.[5]  ECF No. 1 at 25.  And so, the Court will quash service on the Enterprise Car Rental Corporation.

The evidence before the Court similarly shows that Plaintiff has not effectuated proper service on the individual Enterprise Defendants.  Rule 4(e) provides for service of process on an individual by: "(A) delivering a copy of the summons and of the complaint to the individually personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with some of suitable age and discretion who resides there; or (C) delivering a copy of each to any agent authorized by appointment or by law to receive service of process."  Maryland law also permits service on individuals by mail, and such service by mail is effectuated "by mailing to the

---

[5] The name and address for the Enterprise Corporate Defendant's resident agent is publicly available *via* the Maryland State Department of Taxation.  *See* Business Entity Search, https://egov.maryland.gov/BusinessExpress/EntitySearch.

16

person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail," and requesting "Restricted Delivery," *i.e.*, "show[ing] to whom, date, [and] address of delivery." Md. Rule 2-121(a)(3). In addition, Missouri law permits service on individuals, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process. Mo. R. Civ. P. 54.13.

But, again, the evidence before the Court makes clear that Plaintiff has not satisfied these requirements. Plaintiff sent his summons and complaint to the individual Enterprise Defendants on or about January 30, 2024 *via* certified mail, addressed to 600 Corporate Park Drive, St. Louis, MO 63105. *See* ECF No. 5. Given this, there can be no dispute that the Plaintiff did not serve the individual Enterprise Defendants at their respective residences. Plaintiff also failed designated the package containing the summons and the complaint as "Restricted Delivery," as required under Maryland law. Because Plaintiff has failed to meet these plain requirements for effecting service of process on the individual Enterprise Defendants, the Court will also quash service on the individual Enterprise Defendants.[6]

## V.    CONCLUSION

In sum, Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment and the doctrines of judicial and/or prosecutorial immunity. Plaintiff's claims against the Takoma Park Defendants must also fail, because: (1) the Court lacks personal jurisdiction over the Takoma Park Police Department; (2) the Plaintiff has no private right of action to bring his criminal law claims; (3) Plaintiff's Section 897-Article 97 claim may only be brought against members of the United States military; and (4) the undisputed material facts in this case show that the Defendant Officers had probable cause to arrest Plaintiff and that the Defendant Officers employed reasonable force given the circumstances presented.

---

[6] For the reasons stated above, the Court also denies Plaintiff's motion to strike (ECF No. 19).

In addition, the evidence before the Court makes clear that Plaintiff has not properly served the Enterprise Defendants with the summons and complaint under either Maryland or Missouri law.  And so, for these reasons, the Court:

(1) **GRANTS** the Takoma Park Defendants' motion to dismiss, or alternatively, for summary judgment (ECF No. 8);

(2) **GRANTS** the State Defendants' motion to dismiss (ECF No. 14);

(3) **GRANTS** the Enterprise Defendants' motion to quash service of process (ECF No. 12);

(4) **DENIES** Plaintiff's motion to strike (ECF No. 19); and

(5) **DISMISSES** the complaint.

As separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge